**SUTTON et al. v. MOREHEAD.** (No. 6277.)

(Court of Civil Appeals of Texas. Austin. Jan. 5, 1921.)

1. Brokers ⬤⟲88(14)—Special answer that broker was entitled to commission of 5 per cent held responsive to issue.

Where there was no controversy as to the price of property sold, and the court in the judgment expressly found that it sold for $7,-000, an answer by the jury to a special issue as to a reasonable broker's commission that 5 per cent. was a reasonable commission is responsive, and defendant vendors cannot complain that the question of the price realized was not submitted, etc.

2. Trial ⬤⟲352(6) — Special issue held not leading or suggestive.

In a broker's action for commission, where the owners claimed they sold to another and the broker asserted that such sale was a mere subterfuge, a special issue, following one as to whether sale was to a purchaser procured by the broker, submitting whether the sale was to a third person, and, if so, whether it was to avoid payment of the commission, was not objectionable as leading or suggestive.

3. Trial ⬤⟲352(1)—Mode of submitting special issues, in an action by a broker for commissions, not objectionable.

In an action by a broker for commissions for procuring a purchaser, where the owners contended that the sale was to another, special issues, submitting whether the land was sold to a purchaser procured by the broker, whether the land was sold by the owners, and whether it was sold to a third person, and, if so, for the purpose of avoiding payment of commissions, were not objectionable on the theory that the latter question should have been submitted independently, notwithstanding the rule that a defendant is entitled to have his defenses affirmatively submitted.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Action by Joe Morehead against F. M. Sutton and others. From a judgment for plaintiff, defendants appeal. Affirmed.

W. L. Eason, of Waco, for appellants.

G. W. Barcus and Jake Tirey, both of Waco, for appellee.

BRADY, J. Appellee, sued appellants for a real estate commission, claimed by him in the sale of a garage and certain lots to S. Amsler, for the price of $7,000. He alleged that the property had been listed with him for sale by appellants, who agreed to pay him 5 per cent. commission for selling the same, and, in the alternative, he claimed a commission of 5 per cent. upon a quantum meruit basis.

Appellants answered by general demurrer and general denial. The case was submitted upon special issues, in response to which the jury found that appellants listed the land for sale with appellee, and authorized him to find a purchaser; that appellants sold the land in question to S. Amsler, and that appellee was the procuring cause of the sale; that a reasonable commission for making the sale was 5 per cent. In addition, the trial court, in the judgment, expressly found that the land sold for $7,000. These findings are all supported by evidence. Judgment was rendered for appellee for $350, from which this appeal was perfected.

Opinion.

The only questions raised in the brief which are thought to deserve discussion are whether the finding of the jury upon the question of what was a reasonable commission is sufficient to support the judgment, and the further question, Should the court have given the charge requested by appellants as to whether the land was sold to one Tennison?

[1] It is urged in diverse ways that the answer of the jury to special issue No. 6 was not responsive, because the jury were asked to find what was a reasonable commission for making the sale, whereas the answer found the per cent. rather than the amount, and that, without a finding of the amount of the commission, no judgment could be properly entered. The question was submitted without objection in this form: "What is a reasonable commission for making the sale in question?" The answer of the jury was: "5 per cent." In this connection, it must be remembered that the trial court expressly found in the judgment that the land was sold for the price of $7,000, which was an undisputed fact.

Neither party asked that the issue of the price at which the land was sold be submitted to the jury. Indeed, if such a charge had been asked, it would have been proper for the court to refuse it, since there was no such issue of fact; the evidence being without dispute.

In view of the pleadings and the evidence, it is clear that the verdict of the jury was responsive to the question, and was as definite as if they had expressly found the amount of $350. The answer, under the pleadings and the facts, could mean nothing else than that the jury found 5 per cent. of $7,000 to be a reasonable commission for effecting the sale, and the amount became a mere matter of calculation. The assignments raising this question are therefore overruled.

[2] Upon the other point, the court submitted the issue as to whether or not appellants had sold the land to S. Amsler, as pleaded by appellee, in the following form: "Q. No. 2. Did Sutton Bros., or either of them, sell the land in question to S. Amsler?" The trial · court also instructed the jury that if they answered this question in the affirmative, they need not answer question No. 3, but if they answered it in the negative, then the jury were asked: "Q. No. 3. Did Sutton Brothers, or either of them, sell the land in question to Mr. Tennison?" and, if so, was the sale to Tennison made for the purpose of avoiding the payment of a commission to appellee. The objection to the issue as submitted is that the question was leading and suggestive. There is no merit in this point, and it is overruled.

[3] It is also claimed that the trial court should have also submitted the question whether the land was sold to Mr. Tennison, independently of the answer of the jury to the question whether it was sold to Amsler, on the theory that they were entitled to have their defense affirmatively presented to the jury. We fully recognize the rule, now well established, that a defendant is entitled to have his defenses affirmatively presented; and it may be conceded to be as applicable in special issue cases as where the case is submitted upon a general charge. However, we think the rule has been substantially complied with in the instant case. Under the pleadings and the evidence, the land was either sold to Amsler or to Tennison. When the jury affirmatively answered that it was sold to Amsler, that was, in effect, an answer that it was not sold to Tennison, as contended by appellants. The jury were expressly instructed that if they answered that the land was not sold to Amsler, they would then determine whether it was sold to Tennison, and, if so, whether this was done for the purpose of avoiding the payment of the commission. The charge thus fairly· presented the issues raised, and appellants' rights were in no wise substantially infringed.

All the assignments have been carefully considered, and are overruled. Substantial justice has been reached in the verdict and judgment, and, no reversible error having been made to appear, the judgment is affirmed.

Affirmed.